■ In the Matter of FAWN BUILDERS, INC., Appellant, v PLANNING BOARD OF THE TOWN OF LEWISBORO, Respondent. [636 NYS2d 873] —Mikoll, J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from a judgment of the Supreme Court (Nicolai, J.), entered July 13, 1994 in Westchester County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's application for subdivision approval.

In August 1991, petitioner filed an application with respondent for permission to subdivide a 6.737-acre parcel of land located within the Town of Lewisboro, Westchester County, into two lots. The disputed parcel, known as Lot 6, was actually part of a 23-lot subdivision upon which a residence had been constructed on the northern portion of the lot. Petitioner sought to resubdivide the lot so that another single-family res-

idence could be constructed on the southern portion of the parcel. Because of the substantial environmental concerns associated with the parcel due to, *inter alia,* the existence of wetlands within the area of the proposed lot, respondent issued a positive declaration of environmental significance pursuant to the State Environmental Quality Review Act (ECL art 8) (hereinafter SEQRA) and appointed itself lead agency. Public hearings for the proposed subdivision were held following the submission by petitioner of a draft environmental impact study. After respondent reviewed petitioner's final environmental impact study, it adopted a resolution denying petitioner's application. Petitioner then commenced this CPLR article 78 proceeding to challenge the denial. Supreme Court dismissed the petition and this appeal ensued.

We affirm. There can be no dispute that "[i]t is the duty of the [Planning] Board to weigh the evidence and exercise its discretion in approving or denying approval to a subdivision plat, and as long as the Board's determination has a rational basis supported by substantial evidence, a court should not substitute its judgment for that of the Board when the Board has not abused its discretion or acted arbitrarily" (*Matter of M & M Partnership v Sweenor,* 210 AD2d 575, 576-577). Here, while it is true that petitioner did take certain steps to mitigate problems with the proposed lot (*see, e.g., Matter of Save the Pine Bush v Planning Bd.,* 217 AD2d 767; *Matter of Citizens Accord v Town Bd.,* 192 AD2d 985, *lv denied* 82 NY2d 656), an examination of respondent's findings statement and resolution denying the subdivision reveals 26 detailed reasons for the denial, most of which express valid concerns with petitioner's proposal and its potential direct and cumulative effect on the undeniably environmentally sensitive wetlands area located on and near the parcel. Consequently, since we cannot conclude that respondent's determination was irrational under the circumstances, Supreme Court's dismissal of the petition was appropriate.

Cardona, P. J., Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is affirmed, without costs.