■ In the Matter of TOWN OF PLEASANT VALLEY, Appellant, v TOWN OF POUGHKEEPSIE PLANNING BOARD et al., Respondents. [736 NYS2d 70] —In a hybrid proceeding pursuant to CPLR article 78 to review a determination of the Town of Poughkeepsie Planning Board dated August 18, 1999, permitting the development of the Stratford Farms Subdivision on land abutting property owned by the Town of Pleasant Valley, and an action for a judgment declaring, *inter alia,* that the Town of Poughkeepsie Planning Board violated Town Law §§ 262 and 265-a, in applying section 210-150 of the Zoning Code of the Town of Poughkeepsie to the proposed subdivision, the appeal is from a judgment of the Supreme Court, Dutchess County (Pagones, J.), dated October 23, 2000, which dismissed the matter.

Ordered that the judgment is modified by adding thereto a provision declaring that the Town of Poughkeepsie Planning Board did not violate Town Law §§ 262 and 265-a by applying section 210-150 of the Zoning Code of the Town of Poughkeepsie to the proposed subdivision; as so modified, the judgment is affirmed, without costs or disbursements.

Contrary to the determination of the Supreme Court and the contention of the respondents, the Town of Pleasant Valley (hereinafter Pleasant Valley), as an involved agency, had standing to challenge the land use determinations of the respondent Town of Poughkeepsie Planning Board (hereinafter Poughkeepsie) (*see, Matter of King v County of Saratoga Indus. Dev. Agency,* 208 AD2d 194, 201). However, on the merits, the petition was properly dismissed.

We do not agree with Pleasant Valley's contention that Poughkeepsie improvidently exercised its discretion by not requiring the respondent Bower Associates to file a supplemental environmental impact statement (hereinafter SEIS). The changes in the project and/or newly discovered information relied upon by Pleasant Valley to support its claim that a SEIS was required were not of the type that would require a SEIS (*see,* 6 NYCRR 617.9; *Matter of Town of Charleston v Montgomery, Otsego, Schoharie Solid Waste Mgt. Auth.,* 235 AD2d 608; *Matter of Stewart Park & Reserve Coalition v New York State Dept. of Transp.,* 157 AD2d 1, *affd* 77 NY2d 970).

Pleasant Valley's reliance on Poughkeepsie Town Code § 177-7 (M) is improper, as it was raised for the first time in its mem-

orandum of law served after the service of the respondents' answers (*see, Matter of Falk v Village of Scarsdale Zoning Bd. of Appeals,* 254 AD2d 358; *Matter of Crawmer v Mills,* 239 AD2d 844; *Matter of Dearborn Assocs. v Environmental Control Bd.,* 144 AD2d 556).

Pleasant Valley's remaining contentions are either without merit or need not be reached in light of our determination.

We note that since part of the relief sought was for a declaratory judgment, the Supreme Court should have directed the entry of a declaration in favor of the Village of Lake Grove rather than dismiss the declaratory judgment action (*see, Lanza v Wagner,* 11 NY2d 317, 334, *cert denied* 371 US 901). Goldstein, J. P., Florio, McGinity and H. Miller, JJ., concur.