■ STAATSBURG WATER COMPANY et al., Respondents-Appellants, v DUTCHESS COUNTY et al., Appellants-Respondents, et al., Defendant. [739 NYS2d 166] —In an action, inter alia, to recover damages pursuant to 42 USC § 1983 for a violation of constitutional rights, the defendants Dutchess County, Rita A. Brannen, as Commissioner of Finance of Dutchess County, and M. Philip Amodeo, as former Commissioner of Finance of Dutchess County, appeal from so much of an order of the Supreme Court, Dutchess County (Marlow, J.), dated October 12, 2000, as denied that branch of their motion which was for summary judgment dismissing the plaintiffs' cause of action to recover damages pursuant to 42 USC § 1983 to the extent that the plaintiffs sought to recover damages for violation of their respective rights to equal protection, and the plaintiffs cross-appeal, as limited by their brief, from so much of the order as denied their motion for partial summary judgment on the issue of liability on the causes of action to recover damages for de facto appropriation and pursuant to 42 USC § 1983 to the

extent that the complaint alleged that the property was taken, inter alia, without just compensation, and dismissed those causes of action.

Ordered that the order is modified by deleting the provision thereof denying that branch of the motion of the defendants Dutchess County, Rita A. Brannen, as Commissioner of Finance of Dutchess County, and M. Philip Amodeo, as former Commissioner of Finance of Dutchess County, which was for summary judgment dismissing the plaintiffs' cause of action to recover damages pursuant to 42 USC § 1983 to the extent that the plaintiffs sought to recover damages for violation of their respective rights to equal protection, and substituting therefor a provision granting that branch of the motion and dismissing the complaint in its entirety; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with costs to the appellants-respondents.

The plaintiffs owned and operated water works facilities in the Towns of Hyde Park and Rhinebeck in Dutchess County. In May 1996 the plaintiffs were informed of an impending foreclosure due to their failure to pay property taxes, unless the taxes, interest, and penalties were paid by August 9, 1996. After meeting with the defendant M. Philip Amodeo, who was then the Commissioner of Finance of Dutchess County, the plaintiff Leonard Rachmilowitz was informed that, in accordance with County policy, he could redeem or buy back the property until the date of the auction, which was to be held sometime in October 1996. The plaintiffs failed to pay the delinquent taxes by August 9, 1996, and an answer to the foreclosure complaint was never filed. Accordingly, the County obtained a judgment of foreclosure dated September 10, 1996, which, inter alia, awarded the County possession of the property. Thereafter, by letter dated September 13, 1996, the plaintiffs were informed that the property was to be removed from the auction list and retained by the County for public use.

The plaintiffs commenced the instant action, pursuant to 42 USC § 1983, on February 2, 1999, alleging, inter alia, violations of their constitutional rights. The defendants Dutchess County, Rita A. Brannen, as Commissioner of Finance of Dutchess County, and M. Philip Amodeo, as former Commissioner of Finance of Dutchess County, moved for summary judgment dismissing the complaint, and the plaintiffs cross-moved for summary judgment as to liability.

The Supreme Court erred in finding that there were issues of fact with respect to the plaintiffs' equal protection cause of action. To establish a claim for a violation of equal protection

in the context of selective enforcement, a plaintiff must demonstrate that (1) he or she, compared with others similarly situated, was selectively treated, and (2) such selective enforcement was based upon impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure him or her (*see, Crowley v Courville*, 76 F3d 47, 52; *LaTrieste Rest. & Cabaret v Village of Port Chester*, 40 F3d 587, 590). The plaintiffs failed to demonstrate that they were treated in a selective manner. Moreover, the evidence submitted did not raise an issue of fact as to the existence of an impermissible motive with respect to the County's retention of the property and, in any event, was pure conjecture and speculation (*see, Lisa's Party City v Town of Henrietta*, 185 F3d 12, 17).

Contrary to the plaintiffs' contention, the Supreme Court properly dismissed their cause of action pursuant to 42 USC § 1983 insofar as they sought to recover damages based on the claim that their property was taken without just compensation. To establish such a claim, a plaintiff must demonstrate a property interest that has been taken under color of law without just compensation (*see, Frooks v Town of Cortlandt*, 997 F Supp 438, 452, *affd* 182 F3d 899). However, "[a] landowner 'has not suffered a violation of the Just Compensation Clause until the owner has unsuccessfully attempted to obtain just compensation through the procedures provided by the State' " (*Villager Pond v Town of Darien*, 56 F3d 375, 379, *cert denied* 519 US 808, quoting *Williamson County Regional Planning Commn. v Hamilton Bank*, 473 US 172). New York has established a procedure for the pursuit of just compensation claims and that procedure fulfills all constitutional requirements (*see,* EDPL 101 *et seq.*; *HBP Assoc. v Marsh*, 893 F Supp 271, 277-278). Because the plaintiffs failed to demonstrate that they have unsuccessfully attempted to obtain just compensation, their takings claim must be dismissed (*see, Deepwells Estates v Incorporated Vil. of Head of Harbor*, 973 F Supp 338, 348).

The plaintiffs were not the owners of the property at the time the County retained the property for public use, since the judgment of foreclosure awarded ownership to the County on September 10, 1996. Therefore, the de facto appropriation claim must be dismissed as well (*see, City of Buffalo v Clement Co.*, 28 NY2d 241, 255).

The plaintiffs' remaining contentions are without merit. Florio, J.P., Feuerstein, O'Brien and Adams, JJ., concur.