■ In the Matter of SUSAN J. SCARPATI-REILLY, Appellant, v TOWN OF HUNTINGTON BOARD OF ETHICS AND FINANCIAL DISCLO-SURE et al., Respondents. [751 NYS2d 753] —In a proceeding pursuant to CPLR article 78, inter alia, to review an advisory opinion of the Town of Huntington Board of Ethics and Financial Disclosure, dated January 14, 2000, and to prohibit that entity, the Town Attorney of the Town of Huntington, and any and all Assistant Town Attorneys from conducting any fur-

ther proceedings with respect to alleged ethical violations committed by the petitioner in her official capacity as Councilmember of the Town of Huntington, the petitioner appeals from (1) a decision of the Supreme Court, Suffolk County (Gerard, J.), dated October 31, 2000, (2) an order of the same court, dated March 8, 2001, which, inter alia, permitted the filing of a redacted copy of the advisory opinion with the Town Clerk, and (3) a judgment of the same court, dated July 11, 2001, entered upon the order dated March 8, 2001, which, inter alia, permitted the filing of the redacted copy of the advisory opinion with the Town Clerk.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (*see Schicchi v Green Constr. Corp.*, 100 AD2d 509); and it is further,

Ordered that the appeal from the order is dismissed (*see* CPLR 5701 [b] [1]); and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents.

The Supreme Court properly determined that the advisory opinion of the Town of Huntington Board of Ethics and Financial Disclosure was nonfinal and not subject to review in a proceeding pursuant to CPLR article 78 (*see* CPLR 7801 [1]; *Matter of Cohoes Mem. Hosp. v Department of Health of State of N.Y.*, 48 NY2d 583, 590; *Matter of Neale v Cohen*, 281 AD2d 421). Moreover, the Supreme Court properly found that the Town Board of the Town of Huntington was a necessary party with respect to the petitioner's claims against the Town Attorney and the Town Attorney's assistants (*see* Town Law § 65; *Cahn v Town of Huntington*, 29 NY2d 451).

The release of an unredacted copy of the advisory opinion prior to the commencement of this proceeding was improper. However, the petitioner failed to establish a deprivation of due process, since there was no proof that any stigma resulting from the improper dissemination of the advisory opinion deprived her of a liberty or property interest (*see Matter of Swinton v Safir*, 93 NY2d 758, 763). She had no liberty or property interest in being re-elected to public office (*see Emanuele v Town of Greenville*, 143 F Supp 2d 325, 333). Her claims that she will be deprived of legal representation and indemnification for acts while in office and opportunities to serve as a Law Guardian are based on pure speculation.

The petitioner's remaining contentions are without merit. Smith, J.P., Goldstein, Friedmann and McGinity, JJ., concur.