[761 NYS2d 64]

# Bower Associates, Respondent, v Town of Pleasant Valley et al., Appellants.

Second Department, May 12, 2003

APPEARANCES OF COUNSEL

*Ahmuty, Demers & McManus*, Albertson (*Neil H. Angel* and *Janice Berkowitz* of counsel), for appellants.

*Tuczinski, Cavalier, Burstein & Collura, P.C.*, Albany (*Andrew W. Gilchrist* and *Alison M. Coan* of counsel), for respondent.

OPINION OF THE COURT

GOLDSTEIN, J.

At issue here is whether the plaintiff's complaint seeking to recover damages allegedly arising from the defendants' denial of its application for subdivision approval states a cause of action pursuant to 42 USC § 1983. We hold that it does not.

On March 14, 2001, the plaintiff commenced the instant action against the Town of Pleasant Valley and the Planning Board of the Town of Pleasant Valley (hereinafter the Planning Board). The complaint alleges that the plaintiff, Bower Associates, owns two subdivisions: the Stratford Farms subdivision in the Town of Poughkeepsie and the Bower Associates subdivision in the Town of Pleasant Valley. The Stratford Farms subdivision has 85 units, which were approved by the Town of Poughkeepsie in August 1999. The Bower Associates subdivision is adjacent thereto and contains only five units. However, one of the access roads for both subdivisions is part of the Bower Associates subdivision and therefore is located in the Town of Pleasant Valley. The Town of Poughkeepsie conditioned its subdivision approval on approval by the Town of Pleasant Valley of that access road.

On January 10, 2000, the Planning Board denied the plaintiff's application for approval of the Bower Associates subdivision. The Planning Board based its determination on environmental concerns with respect to the Stratford Farms subdivision in the Town of Poughkeepsie. The plaintiff commenced a proceeding pursuant to CPLR article 78 challenging that determination. By judgment dated December 11, 2000, the Supreme Court granted the petition and annulled the determination on the ground that the Planning Board failed to "closely analyze environmental concerns * * * unique to the Bower Associates" subdivision. The Supreme Court further found that "the determination was driven largely by community pressure because the Stratford Farms subdivision located in the Town of Poughkeepsie would provide no tax benefit to the Town of Pleasant Valley." The judgment directed the

Planning Board to issue approval to the Bower Associates subdivision.

This Court affirmed that judgment on the ground that "denial of the petitioner's subdivision application was arbitrary and capricious, was not supported by any evidence in the record, and was made without foundation in fact" (*Matter of Bower Assoc. v Planning Bd. of Town of Pleasant Val.*, 289 AD2d 575, 575 [2001]). This Court further found that "the petitioner met all the conditions needed for approval of its subdivision application in both this and the related Stratford Valley subdivision" and the only reason for denying the application was "generalized community opposition" (*id.*).

In a related proceeding (*Matter of Town of Pleasant Val. v Town of Poughkeepsie Planning Bd.*, 289 AD2d 583 [2001]), this Court held that the Town of Pleasant Valley had standing to challenge the subdivision approval by the Town of Poughkeepsie in a judicial proceeding. However, on the merits, this Court found that the Town of Pleasant Valley failed to demonstrate that the Town of Poughkeepsie improvidently exercised its discretion with respect to environmental issues.

In the instant action, the plaintiff alleges that the defendants violated 42 USC § 1983 by depriving it of a constitutionally-protected property interest in both the Stratford Farms subdivision and the Bower Associates subdivision in violation of its rights under the United States Constitution to equal protection of the laws, just compensation for the governmental taking of property, and procedural and substantive due process.

By notice of motion dated July 20, 2001, the defendants moved to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action. The Supreme Court, in the order appealed from, denied the defendants' motion to dismiss the complaint. In so doing, the Supreme Court quoted the decision and order of this Court that "the petitioner met all the conditions needed for approval of its subdivision application in both this and the related Stratford Valley subdivision" and the only reason for denying the application was "generalized community opposition" (*Matter of Bower Assoc. v Planning Bd. of Town of Pleasant Val., supra* at 575). The Supreme Court acknowledged that the Planning Board "had the discretion to review the Bower application within the parameters of the Town Law and its own ordinance" but went astray when it "decided instead to deny approval because of its dissatisfaction with a related subdivision in the adjoining Town of Poughkeepsie."

42 USC § 1983, upon which this action is premised, provides:

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State * * * , subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

A municipality is a "person" subject to suit under 42 USC § 1983 (see Monell v Department of Social Servs. of City of N.Y., 436 US 658, 690 [1978]). With respect to land use, 42 USC § 1983 protects a landowner's rights to (1) equal protection of the laws guaranteed by the Fourteenth Amendment, (2) just compensation for the taking of property guaranteed by the Fifth Amendment, and (3) due process of law guaranteed by both the Fifth and Fourteenth Amendments (see Town of Orangetown v Magee, 88 NY2d 41, 49 [1996]).

The plaintiff's recitation of the facts fails to indicate that the subject property was treated differently from other similarly-situated properties. Accordingly, there was no basis for the plaintiff's claim that it was deprived of equal protection of the laws (see Village of Willowbrook v Olech, 528 US 562, 564 [2000]; African Trade & Info. Ctr., Inc. v Abromaitis, 294 F3d 355 [2002]; Lisa's Party City, Inc. v Town of Henrietta, 185 F3d 12, 16 [1999]; Matter of 303 W. 42nd St. Corp. v Klein, 46 NY2d 686, 693 [1979]). Nor does the plaintiff allege a regulatory taking without just compensation (see Williamson County Regional Planning Commn. v Hamilton Bank of Johnson City, 473 US 172, 185; Town of Orangetown v Magee, supra at 49; Higgins v Village of Orchard Park, 277 AD2d 989 [2000]).

The gravamen of the cause of action pursuant to 42 USC § 1983 is deprivation of property without due process of law. The essential elements of the cause of action are conduct committed by a person acting under color of state law, which deprived the plaintiff of "rights, privileges, or immunities secured * * * by the Constitution or laws of the United States" (Parratt v Taylor, 451 US 527, 534, 535 [1981]; see Town of Orangetown v Magee, supra at 52).

Since the plaintiff is claiming deprivation of property, it must show the existence of a protectable property interest (see Town of Orangetown v Magee, supra at 52). Protectable property

interests arise when there is a legitimate claim of entitlement pursuant to state or local law (*see Town of Orangetown v Magee, supra.* at 52; *Board of Regents of State Colls. v Roth,* 408 US 564, 577 [1972]; *Crowley v Courville,* 76 F3d 47 [1996]; *RRI Realty Corp. v Incorporated Vil. of Southampton,* 870 F2d 911, 917-918 [1989], *cert denied* 493 US 893 [1989]; *Yale Auto Parts, Inc. v Johnson,* 758 F2d 54, 58 [1985]).

Denial of an application for permission to develop property does not implicate a protectable property interest if the governmental authority has the discretion to grant or deny the application (*see Matter of Daxor Corp. v State of N.Y. Dept. of Health,* 90 NY2d 89 [1997]; *RRI Realty Corp. v Incorporated Vil. of Southampton, supra*). New York case law involving subdivision approval indicates that granting subdivision approval is discretionary (*see Matter of Terra Homes v Smallwood,* 247 AD2d 394 [1998]; *Matter of Fawn Bldrs. v Planning Bd. of Town of Lewisboro,* 223 AD2d 996 [1996]). A protectable property interest arises only when the municipal authority is required to grant the application "upon ascertainment that certain objectively ascertainable criteria have been met" (*Harlen Assoc. v Incorporated Vil. of Mineola,* 273 F3d 494, 504 [2001]; *see Natale v Town of Ridgefield,* 170 F3d 258, 263 [1999]).

In the order appealed from, the Supreme Court acknowledged that the Planning Board "had the discretion to review the Bower application within the parameters of the Town Law and its own ordinance." In support of its claim of a protectable property interest, the plaintiff relies upon the language of this Court in *Matter of Bower Assoc. v Planning Bd. of Town of Pleasant Val. (supra),* that "the petitioner met all the conditions needed for approval of its subdivision application in both this and the related Stratford Valley subdivision" (*id.* at 575) to demonstrate that subdivision approval was an entitlement. However, "[t]he presence of * * * discretion precludes any legitimate claim of entitlement" (*Harlen Assoc. v Incorporated Vil. of Mineola, supra* at 504, 505).

42 USC § 1983 is not simply an additional vehicle for judicial review of land-use determinations (*see Honess 52 Corp. v Town of Fishkill,* 1 F Supp 2d 294, 300 [1998]). Nor does the fact that a state court ultimately finds that the denial of a permit violated state law and directs issuance of the permit pursuant to state law demonstrate that a protectable property interest in the permit existed before the state court directed its issuance (*see RRI Realty Corp. v Incorporated Vil. of Southampton,*

*supra* at 919; *Dean Tarry Corp. v Friedlander*, 826 F2d 210 [1987]). Therefore, the fact that the Supreme Court and this Court ruled in favor of the plaintiff in its proceeding pursuant to CPLR article 78 does not indicate that the plaintiff had a protectable property interest in subdivision approval.

Even if we were to find that the plaintiff had a protectable property interest in subdivision approval, the complaint still must be dismissed on the ground that the defendants did not violate any rights of the plaintiff protected under the United States Constitution and laws. In order for there to be liability under 42 USC § 1983 the plaintiff must show that it was deprived of its property interest by conduct which is "arbitrary as a matter of federal constitutional law." (*Harlen Assoc. v Incorporated Vil. of Mineola*, 273 F3d at 505.) Conduct which is "arbitrary or capricious and for that reason correctable in a state court lawsuit" pursuant to CPLR article 78 is not the same as conduct which is "arbitrary as a matter of federal constitutional law" (*Harlen Assoc. v Incorporated Vil. of Mineola, supra* at 505). To implicate federal constitutional law, the conduct must be "so outrageously arbitrary as to constitute a gross abuse of governmental authority" (*Harlen Assoc. v Incorporated Vil. of Mineola, supra* at 505; *see Lisa's Party City, Inc. v Town of Henrietta, supra* at 17; *Natale v Town of Ridgefield, supra* at 263).

The fact that town officials may have been motivated by "parochial views" of local interests is insufficient to implicate federal constitutional law, in the absence of irrational or invidious conduct in violation of a specific constitutional right (*see Coniston Corp. v Village of Hoffman Estates*, 844 F2d 461, 467 [1988]). In *Scott v Greenville County* (716 F2d 1409 [1983]), one of the few cases where a claim such as this one survived a motion for summary judgment (*see RRI Realty Corp. v Incorporated Vil. of Southampton, supra* at 916), the applicant had a clear entitlement to a building permit under state law. The defendant, allegedly motivated by a desire to limit minority residents, imposed a moratorium on the issuance of building permits for as-of-right construction to limit rental housing available to minorities. Hence the alleged motivation for the moratorium was invidious racial discrimination.

In the instant case, the Planning Board's denial of approval of the Bower Associates subdivision was based upon opposition to the Stratford Farms subdivision in the adjoining Town of Poughkeepsie. The Planning Board's consideration of the Town of Poughkeepsie subdivision may have been legally incorrect in

the context of review of an application for approval of a separate subdivision in Pleasant Valley. However, a violation of state law is not a denial of due process of law (*see Coniston Corp. v Village of Hoffman Estates, supra* at 467, citing *Hebert v Louisiana,* 272 US 312 [1926]), especially since there was a state law remedy pursuant to CPLR article 78 (*see Yale Auto Parts, Inc. v Johnson, supra* at 58; *Harlen Assoc. v Incorporated Vil. of Mineola, supra* at 505).

As this Court held in *Matter of Town of Pleasant Val. v Town of Poughkeepsie Planning Bd.* (*supra*), the Town of Pleasant Valley had standing to challenge the Town of Poughkeepsie subdivision based upon environmental concerns. Its consideration of that adjacent subdivision cannot be characterized as irrational or invidious conduct implicating a federal constitutional right, nor outrageously arbitrary conduct constituting a gross abuse of governmental authority.

Accordingly, the order appealed from should be reversed, on the law, with costs, and the defendants' motion to dismiss the complaint for failure to state a cause of action should be granted.

SMITH, J.P., TOWNES and MASTRO, JJ., concur.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.