■ HOME DEPOT, U.S.A., INC., Respondent-Appellant, v EDWARD B. DUNN et al., Appellants-Respondents. [759 NYS2d 335] —In an action pursuant to 42 USC § 1983 to recover damages resulting from the denial of an application for a permit, the defendants separately appeal, as limited by their briefs, from so much of (1) an order of the Supreme Court, Westchester County (Cowhey, J.), entered November 19, 2000, as denied their cross motion for summary judgment dismissing the complaint and granted those branches of the plaintiff's motion which were for summary judgment on the issue of liability on the causes of action alleging violations of the plaintiff's substantiative due process rights, and (2) an order of the same court (Donovan, J.), dated April 8, 2002, as denied that branch of their motion which was to vacate the note of issue, and the plaintiff cross-appeals from so much of the order entered November 19, 2000, as denied that branch of its motion which was pursuant to CPLR 3126 to strike the defendants' affirmative defenses.

Ordered that the order entered November 19, 2000, is reversed insofar as appealed from, on the law, the cross motion

is granted, the branches of the plaintiff's motion which were for summary judgment on the issue of liability on the causes of action alleging violations of the plaintiff's substantive due process rights are denied, and the complaint is dismissed; and it is further,

Ordered that cross appeal from the order dated November 19, 2000, and the appeal from the order dated April 8, 2002, are dismissed as academic; and it is further,

Ordered that one bill of costs is awarded to the defendants appearing separately and filing separate briefs.

To state a claim pursuant to 42 USC § 1983, the plaintiff was required to first establish that it had a valid property interest in a benefit that was entitled to constitutional protection at the time the plaintiff was deprived of that benefit (*see Reed's of Armonk Bldg. Supply v Curry,* 246 AD2d 587 [1998]; *RRI Realty Corp. v Incorporated Vil. of Southampton,* 870 F2d 911, 918 [1989], *cert denied* 493 US 893 [1989]).

The plaintiff alleges that the defendants violated 42 USC § 1983 by depriving it of a constitutionally-protected property interest in a County permit in violation of its rights under the United States Constitution to equal protection of the laws, just compensation for the governmental taking of property, and procedural and substantive due process.

The defendants established their entitlement to summary judgment dismissing the complaint. The plaintiff failed to raise a triable issue of fact that it had a clearly-established right to approval of the County permit which it claims was wrongfully denied (*see Penlyn Dev. Corp. v Incorporated Vil. of Lloyd Harbor,* 51 F Supp 2d 255 [1999]; *Reed's of Armonk Bldg. v Curry, supra*). Therefore, the Supreme Court improperly denied the defendants' cross motion for summary judgment dismissing the complaint and improperly granted those branches of the plaintiff's motion which were for summary judgment on the causes of action alleging violations of the plaintiff's substantive due process rights. Additionally, the defendants were entitled to qualified immunity (*see Natale v Town of Ridgefield,* 927 F2d 101, 104 [1991]).

In light of our determination, the remaining contentions of the parties have been rendered academic. Altman, J.P., Cozier, Mastro and Rivera, JJ., concur.