In an action, inter alia, to recover damages for alleged violations of 42 USC § 1983, the defendants appeal from so much of an order of the Supreme Court, Suffolk County (Pitts, J.), dated September 3, 2002, as denied that branch of their motion which was pursuant to CPLR 3211 (a) (7) to dismiss the first through fourth causes of action.
Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the motion which is to dismiss the first through fourth causes of action is granted, and those causes of action are dismissed.
The plaintiff applied to the Town of Huntington for a building permit to expand its docks. As a prerequisite to obtaining a permit from the Town, the Town required the plaintiff to first obtain approval from the Incorporated Village of Huntington Bay despite the fact that the dock expansion was not located within the Village. The Village Building Inspector denied the plaintiffs application for a permit, and on administrative appeal, the Village Zoning Board of Appeals (hereinafter the ZBA) issued a positive declaration of environmental significance. The plaintiff commenced a CPLR article 78 proceeding, and the Supreme Court determined, inter alia, that the Village and the ZBA acted without sound basis in reason and without regard to the facts and directed that the necessary permits be issued. On appeal, this Court affirmed, finding that the Village and the ZBA lacked jurisdiction over the proposed dock expansion (see Matter of Huntington Yacht Club v Incorporated Vil. of Huntington Bay, 272 AD2d 327). The Town ultimately issued a permit, as did other governmental agencies from which approvals were required.
The plaintiff commenced this action against the Village, the ZBA, the Village mayor and members of the Board of Trustees of the Village. The first four causes of action allege that the defendants violated 42 USC § 1983 by depriving the plaintiff of *481 its property without substantive and procedural due process of law, taking its property without just compensation, and depriving it of the constitutional right to equal protection of the laws. The Supreme Court denied that branch of the defendants’ motion which was to dismiss those causes of action. We reverse the order insofar as appealed from.
A party alleging a deprivation of property must demonstrate the existence of a protectable property interest (see Town of Orangetown v Magee, 88 NY2d 41, 52 [1996]; Bower Assoc. v Town of Pleasant Val., 304 AD2d 259, 262 [2003], lv granted 100 NY2d 512 [ 2003]). To establish a protectable property interest in a permit to expand its docks, the plaintiff must show a “ legitimate claim of entitlement’ ” to the permit for expansion (Town of Orangetown v Magee, supra at 52, quoting Board of Regents v Roth, 408 US 564, 577 [1972]). The mere expectation of obtaining a permit will not suffice (see Town of Orangetown v Magee, supra at 52; RRI Realty Corp. v Incorporated Vil. of Southampton, 870 F2d 911, 915 [1989], cert denied 493 US 893 [1989]). A protectable property interest does not arise in benefits that are discretionary unless the discretion of the governmental agency “is so narrowly circumscribed that approval of a proper application is virtually assured” (RRI Realty Corp. v Incorporated Vil. of Southampton, supra at 918; see Matter of Daxor Corp. v State of N.Y. Dept. of Health, 90 NY2d 89, 98-99 [1997]; Bower Assoc. v Town of Pleasant Val., supra at 263). Further, the fact that a court ultimately concludes that a permit was improperly denied and directs the issuance of the permit does not demonstrate the existence of a protectable property interest in the permit before the court directed its issuance (see Bower Assoc. v Town of Pleasant Val., supra at 263; RRI Realty Corp. v Incorporated Vil. of Southampton, supra at 919).
The plaintiff contends that the Village had no discretion to grant or deny its application because the Village had no jurisdiction over the matter and that it therefore had a protectable property interest in a permit for expansion of its docks. However, in order to proceed with its expansion, the plaintiff ultimately was required to obtain a permit from the Town and other governmental agencies. The plaintiff did not allege or demonstrate that it had a legitimate claim of entitlement to those permits or that the governmental agencies did not have any discretion in the matter, although such permits were ultimately issued. Therefore, the plaintiff did not demonstrate the existence of a protectable property interest. Consequently, its causes of action alleging a deprivation of property without due process and a taking of property without just compensation *482 should have been dismissed (see Matter of Wedinger v Goldberger, 71 NY2d 428, 439-440 [1988], cert denied 488 US 850 [1988]; Bower Assoc. v Town of Pleasant Val., supra).
Further, the plaintiff failed to allege any facts to support its conclusory allegation that it was treated differently from other similarly-situated applicants. Consequently, its cause of action alleging a denial of equal protection of the laws also should have been dismissed (see Bower Assoc. v Town of Pleasant Val., supra).
In light of the foregoing, we need not consider the defendants’ remaining contentions. Altman, J.P., Florio, Friedmann and Mastro, JJ., concur.