■ ARDMAR REALTY COMPANY, Appellant, v BUILDING INSPECTOR OF THE VILLAGE OF TUCKAHOE et al., Respondents. [773 NYS2d 129]—

In an action, inter alia, to recover damages pursuant to 42 USC § 1983 for alleged violations of constitutional equal protection rights, the plaintiff appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Westchester County (Colabella, J.), dated October 4, 2002, as, after a nonjury trial, dismissed the first, second, and third causes of action in the complaint.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The plaintiff owns a parcel of real property in the Industry District of the defendant Village of Tuckahoe (*see* Village Code of Village of Tuckahoe § 4-8), which it leases to several commercial tenants. The tenants use the premises primarily to park their vehicles and trucks and to store construction materials and supplies. Some of the tenants have operated businesses out of trailers parked on the premises. On May 25, 1999, the defendant Zoning Board of Appeals of the Village of Tuckahoe (hereinafter the ZBA) upheld a determination of the defendant Building Inspector of the Village of Tuckahoe, dated February 4, 1999, that the plaintiff's use of the property was not permitted under the zoning provisions of the Village Code of the Village of Tuckahoe (hereinafter the Code). That determination was ultimately upheld by this Court in a prior CPLR article 78 proceeding (*see Matter of Ardmar Realty Co. v Zoning Bd. of Appeals of Vil. of Tuckahoe*, 297 AD2d 733 [2002]). However, in conjunction with the ZBA's ruling that the plaintiff's use of the premises was not permitted under the Code, the Village revoked the plaintiff's parking lot permit, on the ground that instead of using the property as a parking lot pursuant to the Village's parking ordinance (*see* Village Code of Village of Tuckahoe § 21-97 *et seq.*), the plaintiff was using the property as a multi-tenanted construction yard. The parking permit was originally obtained by the plaintiff years earlier, when it utilized the property as a parking lot for unsold new automobiles awaiting sale at various dealerships. That use, while permitted under the Code and parking ordinance, eventually ended and evolved into the otherwise impermissible multi-tenanted construction yard use. Thus, the plaintiff commenced this action, claiming, inter alia, that the defendants' conduct amounted to selective enforcement of the law and, hence, a violation of its rights under the Equal Protection Clause of the 14th Amendment of the United States Constitution. It also sought damages pursuant to 42 USC § 1983. After a nonjury trial, the Supreme Court found, inter alia, that the plaintiff failed to establish that it was treated differently from similarly situated property owners and, in effect, failed to meet its burden of proof.

A decision rendered by a court after a nonjury trial should not be disturbed on appeal unless it is clear that its conclusions could not have been reached under any fair interpretation of the evidence (*see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]; *Bucci v Bucci*, 231 AD2d 665 [1996]; *Richard's Home Ctr. & Lbr. v Kraft*, 199 AD2d 254 [1993]).

To succeed on a "class of one" disparate treatment claim

under the Equal Protection Clause of the 14th Amendment of the United States Constitution (*Village of Willowbrook v Olech*, 528 US 562, 564 [2000]), there must be a showing that (1) the law was not applied to others similarly situated, and (2) there is no rational basis for the selective application of the law (*see Matter of 303 W. 42nd St. Corp. v Klein*, 46 NY2d 686, 693 [1979]; *see also Bower Assoc. v Town of Pleasant Val.*, 304 AD2d 259 [2003]).

Contrary to the plaintiff's contention, the trial evidence supports the conclusion reached by the Supreme Court that the plaintiff failed to prove that the Village treated it differently from other similarly situated property owners in the Industry District. The trial evidence shows that when other property owners in the Industry District violated the Code, the Village took similar enforcement measures against them. Accordingly, the Supreme Court properly concluded that the plaintiff did not meet its burden of proving that it was deprived of the equal protection of the law (*see Bower Assoc. v Town of Pleasant Val.*, *supra* at 262; *Haberman v City of Long Beach*, 298 AD2d 497 [2002]).

The plaintiff's remaining contentions are without merit. Altman, J.P., S. Miller, Luciano and Rivera, JJ., concur.