■ In the Matter of CROTON WATERSHED CLEAN WATER CO-ALITION, INC., et al., Appellants, v NEW YORK CITY DEPARTMENT OF ENVIRONMENTAL PROTECTION et al., Respondents. [797 NYS2d 908]—

In a proceeding pursuant to CPLR article 78 to review a determination of the respondents dated July 16, 2004, inter alia, concluding that the respondents met the applicable requirements of the State Environmental Quality Review Act (ECL art 8) and the City Environmental Quality Review Act (62 RCNY § 5-01 *et seq.*), and approving their proposed site for a water treatment plant in the Bronx, the petitioners appeal from (1) a decision of the Supreme Court, Queens County (Dollard, J.), dated January 24, 2005, and (2) an order and resettled judgment (one paper) of the same court dated February 10, 2005, which denied the petition and dismissed the proceeding.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (*see Schicchi v Green Constr. Corp.,* 100 AD2d 509 [1984]); and it is further,

Ordered that the order and resettled judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents.

The "new information" that the petitioners brought to the respondents' attention after the issuance of the final environmental impact statement (hereinafter the EIS) was not "of the type that would require" further environmental review of the project at issue (*Matter of Town of Pleasant Val. v Town of Poughkeepsie Planning Bd.,* 289 AD2d 583, 583). Accordingly, contrary to the petitioners' contention, the respondents' determination not to prepare a supplemental EIS (*see* 6 NYCRR 617.9 [a] [7] [i] [b]) was neither arbitrary and capricious, nor an abuse of discretion (*see Matter of Haberman v City of Long Beach,* 307 AD2d 313, 314 [2003]).

The petitioners' remaining contentions are without merit. Adams, J.P., Goldstein, Crane and Skelos, JJ., concur.