■ P.T.& L. CONTRACTING CORPORATION, Appellant, v TRATA-ROS CONSTRUCTION, INC., et al., Respondents. [816 NYS2d 508]—

In an action to recover damages for breach of contract, the plaintiff appeals, on the ground of inadequacy, from so much of a resettled judgment of the Supreme Court, Kings County

(Schack, J.), dated October 5, 2004, as, after a nonjury trial, and upon a decision of the same court dated November 26, 2003, is in favor of it and against the defendants in the principal sum of only $22,470.16.

Ordered that the resettled judgment is affirmed insofar as appealed from, with costs.

Every contract contains an implied covenant of good faith and fair dealing (see Rowe v Great Atl. & Pac. Tea Co., 46 NY2d 62 [1978]). "This covenant is breached when a party to a contract acts in a manner that, although not expressly forbidden by any contractual provision, would deprive the other party of the right to receive the benefits under their agreement" (Aventine Inv. Mgt. v Canadian Imperial Bank of Commerce, 265 AD2d 513, 514 [1999]).

"A decision rendered by a court after a nonjury trial should not be disturbed on appeal unless it is clear that its conclusions could not have been reached under any fair interpretation of the evidence" (Ardmar Realty Co. v Building Inspector of Vil. of Tuckahoe, 5 AD3d 517, 518 [2004]). Here, the Supreme Court properly found that the plaintiff failed to adduce any evidence to demonstrate that the defendant Trataros Construction, Inc. (hereinafter Trataros), breached the covenant of good faith and fair dealing contained in the subcontract at issue. Therefore, the Supreme Court properly limited the damage award to the amount Trataros conceded it owed the plaintiff for services rendered under the subcontract.

In view of the foregoing, we need not reach the parties' remaining contentions. Schmidt, J.P., Santucci, Rivera and Skelos, JJ., concur.