■ DARBY GROUP COMPANIES, INC., DISTRIBUTORS, Respondent, v VILLAGE OF ROCKVILLE CENTRE, NEW YORK, Appellant. [842 NYS2d 75]—

In an action to recover damages pursuant to 42 USC § 1983 for alleged violations of constitutional equal protection rights, the defendant appeals from an order of the Supreme Court, Nassau County (Feinman, J.), entered September 20, 2006, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and

the motion for summary judgment dismissing the complaint is granted.

The plaintiff Darby Group Companies, Inc., Distributors (hereinafter Darby), the owner of commercial property in the defendant Village of Rockville Centre, commenced this action to recover damages pursuant to 42 USC § 1983 for alleged violations of constitutional equal protection rights, alleging that the Village intentionally, unequally, and selectively enforced the local laws in an attempt to stop Darby's contract purchasers (nonparties Home Depot and Chase Partners) of the subject property from obtaining necessary approvals to develop Darby's property. The Village moved for summary judgment dismissing the complaint, claiming, inter alia, that Darby has not submitted any evidence to show that the Village's actions were motivated by malevolent intent or animus directed at Darby. Darby responded by claiming that the Village Building Superintendent selectively enforced the subject local laws against its contract purchasers to thwart the necessary approvals for the development of the subject property with malicious intent. Darby argued that it raised a triable issue of fact as to whether the Village acted with malicious intent with proof demonstrating that the Village approved other similarly situated developers' requests and/or applications, while not approving its contract purchasers' application, even though the subject local laws applied to them. The Supreme Court agreed with Darby, and denied the Village's motion. We reverse.

A violation of equal protection sounding in selective enforcement arises where "first, a person (compared with others similarly situated) is selectively treated and second, such treatment is based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person" (*Bower Assoc. v Town of Pleasant Val.*, 2 NY3d 617, 631 [2004]). Since Darby does not allege selective treatment based on race, religion, or punishment for the exercise of constitutional rights, it must demonstrate that the Village singled out its contract-purchasers' building permit applications "with malevolent intent" (*Bower Assoc. v Town of Pleasant Val., supra* at 631).

The Village met its initial burden of demonstrating its entitlement to judgment as a matter of law by tendering admissible evidence establishing that its selective treatment was not done with any malicious or bad faith intent to injure Darby (*see Bower Assoc. v Town of Pleasant Val., supra; see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Zuckerman v City of New York*, 49 NY2d 557 [1980]). Darby's proof of two successful

CPLR article 78 petitions brought by Chase Partners against the Village in which determinations against Chase Partners' applications were determined to be arbitrary and capricious, community opposition to the Home Depot project, and Village favoritism toward two projects, one involving a hotel and the other involving a storage facility, was insufficient to raise a triable issue of fact as to whether the Village singled out Darby's contract purchasers "with malevolent intent" (*Bower Assoc. v Town of Pleasant Val., supra* at 631; *see Vera v Tue,* 73 F3d 604, 610 [1996]).

Accordingly, the Supreme Court improperly denied the Village's motion for summary judgment dismissing the complaint. Rivera, J.P., Florio, Dillon and Carni, JJ., concur.