■ FABCON EAST, LLC, Respondent, v STEINER BUILDING COMPANY NYC, LLC, Appellant, et al., Defendant. [848 NYS2d 267]—

In an action, inter alia, to recover damages for breach of contract, the defendant Steiner Building Company NYC, LLC, appeals from a judgment of the Supreme Court, Kings County (Demarest, J.), entered August 30, 2006, which, after a nonjury trial, is in favor of the plaintiff and against it in the principal sums of $239,170 for damages and $285,346.97 for an attorney's fee.

Ordered that the judgment is modified, on the law and the facts, by deleting the provision thereof awarding the plaintiff an attorney's fee in the sum of $285,346.97 and substituting therefor a provision awarding the plaintiff an attorney's fee in the sum of $266,096.47; as so modified, the judgment is affirmed, with costs to the plaintiff.

Contrary to the contention of the defendant Steiner Building Company NYC, LLC (hereafter Steiner), the trial court's determination that the plaintiff, Fabcon East, LLC (hereafter Fabcon), did not breach the parties' construction subcontract, that Steiner breached the implied covenant of good faith and fair dealing contained therein, and that Steiner did not prove its counterclaim alleging breach of contract against Fabcon, is warranted by the facts. Thus, we find no need to disturb it (*see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492 [1983]; *Yonkers Contr. Co., Inc. v Romano Enters. of N.Y., Inc.*, 40 AD3d 629 [2007]; *P.T.& L. Contr. Corp. v Trataros Constr., Inc.*, 29 AD3d 763 [2006]; *Ardmar Realty Co. v Building Inspector of Vil. of Tuckahoe*, 5 AD3d 517, 518 [2004]).

However, we agree with Steiner's contention that the trial court improperly awarded Fabcon contractual attorney's fees to the extent that it included, in its award, attorney's fees in the principal amount of $19,250.50, incurred by Fabcon in a New Jersey action commenced against it by a sub-subcontractor. " ' [T]he reasonable expectation and purpose of the ordinary business [person] when making an ordinary business contract' will be considered in construing a contract" (*BP A.C. Corp. v One Beacon Ins. Group*, 8 NY3d 708, 716 [2007], quoting *Album Realty Corp. v American Home Assur. Co.*, 80 NY2d 1008, 1010 [1992]). With this principle in mind, the subcontract provision dealing with an award of contractual attorney's fees to the prevailing party in a covered action did not include the New Jersey action, to which Steiner was not a party.

Steiner's remaining contentions are without merit. Prudenti, P.J., Mastro, Santucci and Lifson, JJ., concur.