■ 49 EAST MAPLE AVENUE, INC., et al., Appellants, v JOHN P. LONIEWSKI et al., Respondents. [854 NYS2d 757]—

In an action, inter alia, to recover damages pursuant to 42 USC § 1983 for alleged violations of constitutional rights to due process, equal protection, and the taking of property without just compensation, the plaintiffs appeal from an order of the Supreme Court, Rockland County (Alessandro, J.), dated June 26, 2006, which, among other things, in effect, granted that branch of the defendants' motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (1).

Ordered that the order is affirmed, with costs.

The Court of Appeals has observed that " '42 USC § 1983 is not simply an additional vehicle for judicial review of land-use determinations' " (*Bower Assoc. v Town of Pleasant Val.,* 2 NY3d 617, 627 [2004], quoting *Bower Assoc. v Town of Pleasant Val.,* 304 AD2d 259, 263 [2003]). The "denial of a permit—even an arbitrary denial redressable by an article 78 or other state law proceeding—is not tantamount to a constitutional violation under 42 USC § 1983; significantly more is required" (*id.*). Here, "the documentary evidence submitted conclusively establishes a defense to the asserted claims as a matter of law" (*Leon v Martinez,* 84 NY2d 83, 88 [1994]; *see* CPLR 3211 [a] [1]). The defendants' conduct was not tantamount to a constitutional violation under 42 USC § 1983 of the plaintiffs' substantive due process rights (*see Bower Assoc. v Town of Pleasant Val.,* 2 NY3d at 628), nor was it a violation of the plaintiffs' right to equal protection (*id.* at 631; *see Darby Group Cos., Inc., Distribs. v Village of Rockville Ctr., N.Y.,* 43 AD3d 979, 980 [2007]; *Staats-*

*burg Water Co. v Dutchess County,* 291 AD2d 552, 553-554 [2002]), nor was it a taking without just compensation (*see de St. Aubin v Flacke,* 68 NY2d 66, 77 [1986]; *Spears v Berle,* 48 NY2d 254, 263 [1979]; *Putnam County Natl. Bank v City of New York,* 37 AD3d 575, 577 [2007]; *Briarcliff Assoc. v Town of Cortlandt,* 272 AD2d 488, 490-491 [2000]). Accordingly, the Supreme Court properly, in effect, granted that branch of the defendants' motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (1).

The plaintiffs' remaining contentions are without merit. Rivera, J.P., Lifson, Angiolillo and Balkin, JJ., concur.