*756 In an action, inter alia, to recover damages for age discrimination, the plaintiff appeals from an order of the Supreme Court, Suffolk County (R. Doyle, J.), dated January 29, 2007, which granted the defendants’ motion for summary judgment dismissing the complaint.
Ordered that the order is affirmed, with costs.
The plaintiff filed a notice of claim alleging that the defendants, Town of Southold and the Town’s police department, did not appoint him as a police officer even though he had “the best qualifications” and “the number one test score” on the examination to become a police officer. The notice of claim alleged that the defendants discriminated against him on the basis of his age. The plaintiffs complaint asserted two causes of action, one against the Town and the other against the police department, both alleging that the plaintiff was discriminated against by reason of his age, and “in violation of his constitutional and civil rights.” The complaint provided no specification of which constitutional rights allegedly were violated.
The defendants established their entitlement to judgment as a matter of law dismissing the complaint (see Alvarez v Prospect Hosp., 68 NY2d 320 [1986]). The defendants demonstrated that they did not discriminate against the plaintiff because of his age. Rather, he was not hired because he submitted deceptive responses in his application to become a police officer. Accordingly, the defendants established, prima facie, that they had a legitimate, nondiscriminatory reason for not hiring the plaintiff (see Hemingway v Pelham Country Club, 14 AD3d 536, 536-537 [2005]).
In opposition to the motion for summary judgment, the plaintiff did not make any argument in support of his age discrimination claim. Rather, the plaintiff argued that the defendants violated his constitutional rights to due process and equal protection in other ways and that the reference in his complaint to a violation of “his rights, privileges, and immunities” pleaded these other constitutional violations. However, the plaintiff failed to raise a triable issue of fact with regard to any constitutional claim (see Zuckerman v City of New York, 49 NY2d 557, 562-563 [1980]; Rendon v Castle Realty, 28 AD3d 532 [2006]).
*757 Contrary to the plaintiff’s contention, he does not have a protectable property interest in a position with the Town’s police department that would entitle him to maintain a due process claim. An individual does not have a “legally protectable interest” in an appointment to the position of police officer merely because he or she achieved a sufficient score on the examination to be placed on an eligibility list (Matter of Andriola v Ortiz, 82 NY2d 320, 324 [1993]; see Matter of Cassidy v Municipal Civ. Serv. Commn. of City of New Rochelle, 37 NY2d 526, 529 [1975]). An applicant’s placement at the top of the eligibility list following examination, as was the case with the plaintiff here, does not alter the principle that there is no protectable interest in appointment. “ ‘An appointing authority has wide discretion in determining the fitness of candidates . . . This discretion is particularly broad in the hiring of law enforcement officers, to whom high standards may be applied ... As long as the administrative determination is not irrational or arbitrary, this Court will not interfere with it’ ” (Matter of Mullen v County of Suffolk, 43 AD3d 934, 935 [2007], quoting Matter of Verme v Suffolk County Dept. of Civ. Serv., 5 AD3d 498, 499 [2004]).
Moreover, the plaintiff failed to raise a triable issue of fact as to whether the defendants deprived him of a protected liberty interest (see Siegert v Gilley, 500 US 226, 233 [1991]; Matter of Swinton v Safir, 93 NY2d 758, 765 [1999]). The plaintiff also failed to establish entitlement to a name-clearing hearing.
As the plaintiff did not have a property interest in appointment as a police officer and failed to raise a triable issue of fact as to the deprivation of a protected liberty interest, the Supreme Court properly determined that the plaintiff failed to raise a triable issue of fact as to whether he was deprived of his constitutional right to due process (see Matter of Scarpati-Reilly v Town of Huntington Bd. of Ethics & Fin. Disclosure, 300 AD2d 404 [2002]; Home Depot, U.S.A. v Dunn, 305 AD2d 459 [2003]; see also Valmonte v Bane, 18 F3d 992 [1994]; White Plains Towing Corp. v Patterson, 991 F2d 1049 [1993]).
The plaintiff also failed to raise a triable issue of fact as to his claim of a denial of equal protection (cf. Darby Group Cos., Inc., Distribs. v Village of Rockville Ctr., N.Y., 43 AD3d 979 [2007]; Ardmar Realty Co. v Building Inspector of Vil. of Tuckahoe, 5 AD3d 517 [2004]; see Village of Willowbrook v Olech, 528 US 562 [2000]).
The plaintiff’s remaining contentions are without merit. Fisher, J.E, Covello, Angiolillo and Balkin, JJ., concur.