■ PARIS FIELDS, Respondent, v VILLAGE OF SAG HARBOR, Appellant, et al., Defendant. [938 NYS2d 611]—

The plaintiff alleges, inter alia, that the defendant Village of

Sag Harbor engaged in discriminatory and selective enforcement of the Village Code against his commercial property after he spoke out against what he believed to be the planned demolition of a local historic property. Following the completion of discovery, the Village moved for summary judgment dismissing the complaint insofar as asserted against it. The plaintiff opposed the motion and cross-moved for summary judgment on the complaint. The Supreme Court denied the motion and cross motion. The Village appeals from so much of the order as denied its motion, and we affirm the order insofar as appealed from.

A violation of equal protection sounding in selective enforcement arises where "*first*, a person (compared with others similarly situated) is selectively treated and *second*, such treatment is based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person" (*Bower Assoc. v Town of Pleasant Val.*, 2 NY3d 617, 631 [2004]; *see Darby Group Cos., Inc., Distribs. v Village of Rockville Ctr., N.Y.*, 43 AD3d 979, 980-981 [2007]). "The person must be singled out for an impermissible motive not related to legitimate governmental objectives, which could include personal or political gain, or retaliation for the exercise of constitutional rights" (*Sonne v Board of Trustees of Vil. of Suffern*, 67 AD3d 192, 203-204 [2009] [citations omitted]).

To the extent that the plaintiff contends that the Village Code provisions were selectively enforced " 'under color of law and pursuant to accepted municipal policy, practice, custom and procedure,' " thus implicating the Village (*id.* at 204; *see Monell v New York City Dept. of Social Servs.*, 436 US 658 [1978]), the rule is that "[a] municipal custom or policy can be shown by establishing that an official who is a final policy maker directly committed or commanded the violation of the plaintiff's rights" (*Sonne v Board of Trustees of Vil. of Suffern*, 67 AD3d at 204; *see Bassett v City of Rye*, 69 AD3d 667, 668 [2010]).

Although the Village submitted prima facie proof demonstrating that its actions were not prompted by an impermissible motive (*see Molander v Pepperidge Lake Homeowners Assn.*, 82 AD3d 1180 [2011]; *Darby Group Cos., Inc., Distribs. v Village of Rockville Ctr., N.Y.*, 43 AD3d 979 [2007]), and that the alleged discrimination did not result from a policy, regulation, or custom of the Village (*see Hudson Val. Mar., Inc. v Town of Cortlandt*, 79 AD3d 700 [2010]), in opposition, the plaintiff tendered documentary and testimonial evidence raising a triable issue of fact with respect to these questions sufficient to withstand the Village's motion for summary judgment (*see Sonne v Board of*

*Trustees of Vil. of Suffern*, 67 AD3d 192 [2009]; *Rocky Point Drive-In, L.P. v Town of Brookhaven*, 37 AD3d 805 [2007]).

Moreover, the Village, in seeking summary judgment, failed to demonstrate that it treated other similarly situated property owners as it allegedly had treated the plaintiff (*see Weaver v Town of Rush*, 1 AD3d 920 [2003]; *cf. Ardmar Realty Co. v Building Inspector of Vil. of Tuckahoe*, 5 AD3d 517, 519 [2004]). The Village's argument that the "plaintiff has not and cannot adduce proof that similarly situated businesses were not subjected to the same requirements," ignores the rule that "a party does not carry its burden in moving for summary judgment by pointing to gaps in its opponent's proof" (*Calderone v Town of Cortlandt*, 15 AD3d 602, 602-603 [2005] [internal quotation marks omitted]). The Village thereby failed to establish its prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against it on the ground that the plaintiff is not similarly situated to other property owners.

Accordingly, the Supreme Court properly denied the Village's motion for summary judgment dismissing the complaint insofar as asserted against it. Dillon, J.P., Florio, Chambers and Roman, JJ., concur.