SUMMARY ORDER
Plaintiffs-appellants Stacy Butler and Carol Sojda appeal from a judgment dismissing their complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. See Butler v. City of Batavia, 545 F.Supp.2d 289 (W.D.N.Y.2008). We assume the parties’ familiarity with the underlying facts, the procedural history, and the issues on appeal.
Plaintiffs challenge the decision of the District Court on two grounds, arguing that they pleaded adequately (1) a claim under the Equal Protection Clause of the Fourteenth Amendment and (2) a retaliation claim under the First Amendment as incorporated by the Fourteenth Amendment. We disagree.
In order to state a claim under the Equal Protection Clause for selective enforcement of the law, plaintiffs must plead that (1) they were “treated differently from other similarly situated” individuals and (2) this “differential treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person.” Cine SK8, Inc. v. Town of Henrietta, 507 F.3d 778, 790 (2d Cir. 2007). Plaintiffs argue that their complaint met this standard because (1) the municipal defendants — the City of Batavia, Officers Peck and Zola, and Chief of Police Sehms — did not respond to their complaints in the same manner as they responded to those of similarly situated heterosexuals and (2) this difference in treatment was based on sexual orientation. While plaintiffs allege that sexual orientation motivated the conduct of the municipal defendants, plaintiffs have not pleaded facts sufficient to make this allegation plausible. See Iqbal v. Hasty, 490 F.3d 143, 157-58 (2d Cir.2007) (“[A] pleader [must] amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible.”). We agree with the District Court that plaintiffs’ allegations “demonstrate that the [municipal] [defendants were aware of [plaintiffs’ sexual orientation and discriminatory conduct by the *23 Magers, [but] they do not demonstrate a discriminatory intent [on the part of the municipal defendants].” Butler, 545 F.Supp.2d at 292. Plaintiffs’ equal protection claim was therefore properly dismissed as inadequately pleaded.
With respect to their retaliation claim, plaintiffs fare no better. To state a claim of retaliation, plaintiffs must plead that “(1) [they have] an interest protected by the First Amendment; (2) defendants’ actions were motivated or substantially caused by [their] exercise of that right; and (3) defendants’ actions effectively chilled the exercise of [their] First Amendment right.” Curley v. Village of Suffern, 268 F.3d 65, 73 (2d Cir.2001). Plaintiffs allege that, on October 26, 2004, they reported to the municipal police that a registered sex offender lived near a public school in violation of state law. They also allege that, on numerous occasions before and after their October 26 report, they reported to the municipal police that their neighbors and others were harassing them on account of their sexual orientation. The municipal defendants, plaintiffs allege, did not investigate or otherwise respond to these reports.[1] Plaintiffs’ complaint is devoid, however, of any factual allegations tending to show that defendants’ decision not to act on plaintiffs’ reports “was motivated or substantially caused by” plaintiffs’ filing of those reports. Having failed to allege facts suggesting that defendants’ alleged unresponsiveness was motivated by the exercise of their First Amendment rights, plaintiffs have failed to plead a retaliation claim. In light of the inadequacy of plaintiffs’ complaint, we agree with the decision of the District Court to dismiss this claim.
Defendants-appellees Richard Mager and Victoria Mager (the “Magers”) contend that the District Court abused its discretion by declining to exercise supplemental jurisdiction over plaintiffs’ state law claims. They argue that the District Court should have exercised jurisdiction over those claims and then dismissed them. This challenge to the District Court’s judgment is not properly before us. As we have explained previously, “[a]n appellee need not cross-appeal in order to advance any theory in support of the judgment that has a foundation in the record, regardless of the theory employed by the district court. But without cross-appealing, it may not advance a theory that challenges some aspect of the lower court’s judgment.” Pac. Capital Bank, N.A. v. Connecticut, 542 F.3d 341, 349 (2d Cir. 2008) (internal citation omitted) (emphasis added). Even if the Magers had filed a timely cross-appeal, we would nevertheless reject their challenge because it is devoid of merit. “It is well settled that where, as here, the federal claims are eliminated in the early stages of litigation, courts should generally decline to exercise pendent jurisdiction over remaining state law claims.” Klein & Co. Futures, Inc. v. Bd. of Trade, 464 F.3d 255, 262 (2d Cir.2006).
Accordingly, we AFFIRM the judgment of the District Court.

. Contrary to this allegation, plaintiffs concede that at least one individual was prosecuted by the municipal defendants for harassing plaintiffs. Compl. II 113, J.A. 113.