■ BLACK CAR ASSISTANCE CORPORATION, Appellant, v COUNTY OF NASSAU et al., Respondents. [886 NYS2d 913]—In an action, inter alia, for a judgment declaring that Nassau County Ordinance No. 113-2005 is unconstitutional and for a refund of payments of certain registration fees, the plaintiff appeals, as limited by its notice of appeal and brief, from stated portions of an order of the Supreme Court, Nassau County (Woodard, J.), dated December 11, 2007, which, inter alia, denied those branches of its cross motion which were for summary judgment on the first, second, and fourth causes of action.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff Black Car Assistance Corporation (hereinafter Black Car) is a trade association whose members dispatch livery vehicles. In this action, Black Car challenges, inter alia, the constitutionality of Nassau County Ordinance No. 113-2005 (hereinafter the ordinance), which imposed certain registration fees on livery drivers, and seeks to obtain a refund of the registration fees paid by its members under the ordinance. In this limited appeal, the plaintiff contends, among other things, that the Supreme Court erred in denying those branches of its cross motion which were for summary judgment on the first, second, and fourth causes of action seeking a declaration that the ordinance is unconstitutional and for refunds of the registration fees already paid.

The Supreme Court properly found that triable issues of fact preclude an award of summary judgment (*see Sonne v Board of*

*Trustees of Vil. of Suffern*, 67 AD3d 192, 204 [2d Dept 2009]; *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

The plaintiff's remaining contentions are without merit. Mastro, J.P., Fisher, Miller and Angiolillo, JJ., concur.