In an action, inter alia, to recover damages for breach of contract and fraud, the plaintiffs Steven Dana, doing business as Steven DVD, Shepher Distributors & Sales Corp., Chano International, Inc., BDI Imports, Inc., Magland Corp., Goldstone Hosiery Co., Inc., L & R Distributors Inc., doing business as Allied Supply, I. Lehrhoff & Co, Inc., Circle Imports, Inc., Brooklyn Lollipop Imports & Exports, Inc., New Concord Enterprise, Inc., Kennedy International, Inc., Regent Baby Products Corp., doing business as Baby King, and Liberty Distributors, Inc., appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Kings County (Demarest, J.), dated July 7, 2008, as granted those branches of the motion of the defendant Binyamin Bracha pursuant to CPLR 3211 (a) (7) which were to dismiss the complaint insofar as asserted against him by the appellants, and denied their cross motion, among other things, to adjudge that defendant in contempt of court based on a violation of an order of attachment, and (2) from an order of the same court dated December 18, 2008, which denied their motion pursuant to CPLR 2221 for leave to renew and reargue.
Ordered that the order dated July 7, 2008, is modified, on the law, by deleting the provisions thereof granting those branches of the motion of the defendant Binyamin Bracha pursuant to CPLR 3211 (a) (7) which were to dismiss the complaint insofar as asserted against him by the appellants, and substituting therefor a provision denying those branches of the motion; as so modified, that order is affirmed insofar as appealed from, without costs or disbursements; and it is further,
*993 Ordered that the appeal from so much of the order dated December 18, 2008, as denied that branch of the motion which was for leave to reargue is dismissed, without costs or disbursements, as no appeal lies from an order denying reargument; and it is further,
Ordered that order dated December 18, 2008, is affirmed insofar as reviewed, without costs or disbursements.
In the instant action, several plaintiffs (hereinafter the appellants), among others, seek to recover damages against the respondent, Binyamin Bracha, and several corporate defendants, for goods sold and delivered to them and not paid for, based upon the theories of breach of contract, an account stated, and fraud. The complaint alleges that Bracha controlled those corporate defendants, and although “the corporate defendants herein are formally distinct corporations, they act as a single corporate entity—placing joint orders, making payments on each others’ behalf, commingling assets and conducting business jointly.” The complaint alleges a pattern: a corporate defendant would order more merchandise than usual, with an intent not to pay for the merchandise ordered.
Bracha moved, inter alia, to dismiss the action against him pursuant to CPLR 3211 (a) (7), claiming the complaint failed to state a cause of action against him individually, since the appellants’ contracts were with the corporate defendants.
The appellants cross-moved, inter alia, to hold Bracha in contempt of court based on a violation of an order of attachment. In opposition to his motion to dismiss, the appellants submitted affidavits asserting that Bracha transferred inventory sold by them to the corporate defendants to stores in Florida operated by other corporations owned by him. The plaintiff L & R Distributors, Inc., doing business as Allied Supply (hereinafter L & R), submitted an affidavit from its credit manager stating that it sold merchandise on credit to the corporate defendants in reliance upon a “new account application,” signed by Bracha, which contained a statement representing that the signer “individually personally guarantee [d] all invoices due Allied Supply.”
In an order dated July 7, 2006, the Supreme Court, inter alia, granted Bracha’s motion to dismiss the complaint insofar as asserted against him, and denied the cross motion. The appellants moved for reargument and renewal, and in an order dated December 18, 2008, the Supreme Court denied that motion.
A motion to dismiss a cause of action pursuant to CPLR 3211 (a) (7) should not be granted “ ‘if, taking all facts alleged as true and according them every possible inference favorable to *994 the plaintiff, the complaint states in some recognizable form any cause of action known to our law’ ” (Sonne v Board of Trustees of Vil. of Suffern, 67 AD3d 192, 200 [2009], quoting Shaya B. Pac., LLC v Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, 38 AD3d 34, 38 [2006]; see AG Capital Funding Partners, L.P. v State St. Bank & Trust Co., 5 NY3d 582, 591 [2005]; Leon v Martinez, 84 NY2d 83, 87-88 [1994]). In making such a determination, evidentiary material may be considered to “remedy defects in the complaint” (Rovello v Oro fino Realty Co., 40 NY2d 633, 636 [1976]; see Leon v Martinez, 84 NY2d at 88), “and, unless it can be shown that a material fact as claimed by the pleader to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it,” dismissal may not be predicated on such evidentiary material (Guggenheimer v Ginzburg, 43 NY2d 268, 275 [1977]; see 511 W. 232nd Owners Corp. v Jennifer Realty Co., 98 NY2d 144, 151 [2002]).
Although general allegations that the defendant entered into contract with the intention not to perform are insufficient to support a cause of action sounding in fraud (see Gupta Realty Corp. v Gross, 251 AD2d 544, 545 [1998]), the allegations in the instant case indicate that Bracha, exercising dominion and control over the corporate defendants and commingling their assets with each other arid other corporations owned by him, ordered merchandise in the name of the corporate defendants, as a pretext, to supply other corporations owned by him. Those allegations were sufficient to state a cause of action sounding in fraud, in that Bracha allegedly made material representations that were false, knowing that they were false and with the intent to deceive the appellants, and the appellants, justifiably relying on those representations, were injured as a result (see Heaven v McGowan, 40 AD3d 583, 584-585 [2007]; Cohen v Houseconnect Realty Corp., 289 AD2d 277, 278 [2001]). The appellants’ allegations could also justify piercing the corporate veil on the ground that Bracha exercised complete domination over the corporate defendants, abusing the privilege of operating in a corporate form, and thereby perpetrating a wrong which harmed the appellants (see East Hampton Union Free School Dist. v Sandpebble Bldrs., Inc., 66 AD3d 122, 126 [2009]; John John, LLC v Exit 63 Dev., LLC, 35 AD3d 540, 541 [2006]; Austin Powder Co. v McCullough, 216 AD2d 825 [1995]). It is further alleged that Bracha personally guaranteed the debt owed to L & R. In view of the foregoing, those branches of Bracha’s motion which were to dismiss the complaint insofar as asserted against him by the appellants should have been denied.
There is no basis in the record to overturn the determination *995 of the Supreme Court which declined to hold Bracha in contempt of court based upon a violation of an order of attachment. We note that the order of attachment is not included in the record. Nor is there a sufficient basis in the record to grant judgment against the Bracha based upon his failure to timely appear and move to dismiss (see Trimble v SAS Taxi Co. Inc., 8 AD3d 557, 558 [2004]).
The appellants’ remaining contentions are without merit or are not properly before this Court. Skelos, J.P., Hall, Roman and Sgroi, JJ., concur.