C & D Design, Build, Dev., LLC v Village of Alexander, N.Y. (2020 NY Slip Op 04638)





C & D Design, Build, Dev., LLC v Village of Alexander, N.Y.


2020 NY Slip Op 04638


Decided on August 20, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, DEJOSEPH, NEMOYER, AND CURRAN, JJ.


117 CA 19-01550

[*1]C & D DESIGN, BUILD, DEVELOPMENT, LLC, PLAINTIFF-APPELLANT,
v
VILLAGE OF ALEXANDER, NEW YORK, AND DANIEL J. LANG (AS BUILDING INSPECTOR), DEFENDANTS-RESPONDENTS. 






MARCUS & CINELLI, LLP, WILLIAMSVILLE (DAVID P. MARCUS OF COUNSEL), AND ANDREOZZI BLUESTEIN, LLP, CLARENCE, FOR PLAINTIFF-APPELLANT. 
DADD, NELSON, WILKINSON & WUJCIK, ATTICA (JAMES M. WUJCIK OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Genesee County (Emilio L. Colaiacovo, J.), entered January 22, 2019. The order, among other things, converted defendants' motion to dismiss the amended complaint to a motion for summary judgment, granted that motion and dismissed the amended complaint. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by vacating the first ordering paragraph and reinstating the amended complaint, and as modified the order is affirmed without costs and the matter is remitted to Supreme Court, Genesee County, for further proceedings in accordance with the following memorandum: Plaintiff commenced this action seeking, inter alia, money damages and declaratory relief pursuant to 42 USC § 1983 in connection with the condemnation by defendants of certain property owned by plaintiff. Defendants moved to dismiss the amended complaint pursuant to, inter alia, CPLR 3211 (a) (1), (5) and (7), and plaintiff moved for an order, inter alia, reinstating its certificate of occupancy for the property. Supreme Court converted defendants' motion to a motion for summary judgment under CPLR 3212, granted that motion, and denied plaintiff's motion. Plaintiff now appeals.
Initially, we agree with plaintiff that the court erred in converting defendants' motion to dismiss to one for summary judgment. The court did not provide "adequate notice to the parties" that it was doing so (CPLR 3211 [c]), nor did defendants and plaintiff otherwise receive adequate notice by "submitting facts and arguments clearly indicating that they were deliberately charting a summary judgment course" (Matter of Town of Geneva v City of Geneva, 63 AD3d 1544, 1544 [4th Dept 2009] [internal quotation marks omitted]).
Furthermore, we conclude that defendants are not entitled to dismissal of the amended complaint under CPLR 3211 (a) (5) on statute of limitations grounds. We agree with plaintiff that, under these circumstances, a CPLR article 78 proceeding is not its exclusive remedy (see Acquest Wehrle, LLC v Town of Amherst, 129 AD3d 1644, 1646 [4th Dept 2015], appeal dismissed 26 NY3d 1020 [2015]). " In the land-use context, 42 USC § 1983 protects against municipal actions that violate a property owner's rights to due process, equal protection of the laws and just compensation for the taking of property under the Fifth and Fourteenth Amendments to the United States Constitution' " (Sonne v Board of Trustees of Vil. of Suffern, 67 AD3d 192, 200 [2d Dept 2009], quoting Bower Assoc. v Town of Pleasant Val., 2 NY3d 617, 626 [2004]; see Town of Orangetown v Magee, 88 NY2d 41, 49 [1996]). Here, plaintiff's first three causes of action are based on 42 USC § 1983 and allege constitutional violations of procedural due process, substantive due process and equal protection, and the fourth cause of action seeks, inter alia, declaratory relief based on those alleged violations. That relief is [*2]appropriately sought via an action based on 42 USC § 1983, and therefore the four-month statute of limitations applicable to CPLR article 78 proceedings does not apply here (see Sonne, 67 AD3d at 202-203; see also Matter of Karamalla v Devine, 159 AD3d 1368, 1369 [4th Dept 2018]; Mulcahy v New York City Dept. of Educ., 99 AD3d 535, 536 [1st Dept 2012]). We decline, however, to consider the remaining grounds raised by defendants in their motion inasmuch as the court improperly converted that motion to one for summary judgment, and therefore never addressed those grounds using the CPLR 3211 standard (see generally Matter of South Blossom Ventures, LLC v Town of Elma, 46 AD3d 1337, 1338 [4th Dept 2007], lv dismissed 10 NY3d 852 [2008]; Fleiss v South Buffalo Ry. Co., 280 AD2d 1004, 1005 [4th Dept 2001]).
Contrary to plaintiff's further contention, we conclude that the court properly denied its motion inasmuch as plaintiff failed to establish that it is entitled as a matter of law to the relief sought therein, i.e., the removal of the placard designating the subject structure as condemned and reinstatement of the certificate of occupancy (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).
We therefore modify the order by vacating the first ordering paragraph and reinstating the amended complaint, and we remit the matter to Supreme Court for further proceedings consistent with our decision.
Entered: August 20, 2020
Mark W. Bennett
Clerk of the Court