Rittenhouse v Beaumont Prods. Inc. (2025 NY Slip Op 50711(U))

[*1]

Rittenhouse v Beaumont Prods. Inc.

2025 NY Slip Op 50711(U)

Decided on April 29, 2025

Supreme Court, Suffolk County

Hensley, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 29, 2025
Supreme Court, Suffolk County

Gregory Rittenhouse INDIVIDUALLY, AND ON BEHALF OF 
 ALL OTHERS SIMILARLY SITUATED, Plaintiff,

against
Beaumont Products Inc., Defendant.

Index No. 630225/2024

ATTORNEY FOR PLAINTIFF:
Sheehan & Associates, P.C.
Spencer Sheehan, Esq.
60 Cuttermill Rd., Suite 412
Great Neck, NY 11021
ATTORNEY FOR DEFENDANT:
Shook, Hardy & Bacon LLP
Michael Evan Rayfield, Esq.
1 Rockefeller Plz., Suite 2801
New York, NY 10020-2049

Paul M. Hensley, J.

Upon the following papers read on defendants motion to dismiss pursuant to CPLR 3211 (a) (7): NYSCEF documents 1 thru 18; it is hereby
ORDERED defendants motion to dismiss is granted.
Plaintiff, Gregory Rittenhouse, commenced this action on December 7, 2024, by filing a 15-page complaint alleging that defendant, Beaumont Products, which produces a 32-ounce Sealer & Finish for floors, misrepresented how much of the product needed to be used to cover 1000 sq. ft. The complaint is not verified by plaintiff, instead it is "respectfully submitted" by attorney Spencer Sheehan. Rather than answer, defendant moved to dismiss for failure to state a cause of action. Defendant submitted plaintiff's complaint, an affirmation of counsel, and a memorandum of law. Upon reading the motion initially filed on February 26, 2025, plaintiff amended his complaint on March 18, 2025. The initial motion was then withdrawn and refiled on April 4, 2025.
Defendant maintains that plaintiff's counsel has brought strikingly similar actions against Beaumont Product's in Bridgette Lowe v Beaumont Products, Inc. in the Northern District of California, where plaintiff's counsel is not admitted, which was ultimately dismissed in mediation. Defendant also advises that on September 28, 2024, Beaumont was served with a [*2]complaint in Daniel Calzado v Beaumont Products, Inc. in Monroe County New York. That action was discontinued prior to a motion hearing. Those actions, however, involved Beaumont's Trewax Neutral Floor Cleaner as opposed to the product herein, Beaumont's professional gold label Sealer & Finish.
In any event, defendant moves to dismiss on two grounds. First, that its product label is not misleading as the 32 ounce bottle of chemicals can over 1000 square feet, and second that Gregory Rittenhouse was not damaged. 
CPLR 3211 (a) (7) provides, "A party may move for judgment dismissing one or more causes of action asserted against [the party] on the ground that . . . the pleading fails to state a cause of action" (CPLR 3211 [a] [7]). "On a motion to dismiss pursuant to CPLR 3211, the pleading is to be afforded a liberal construction. We accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every favorable inference, and determine only whether the facts as alleged fit into any cognizable legal theory" (Leon v Martinez, 84 NY2d 83, 87-88, 614 NYS2d 972, 974 [1994]). In making a determination whether the complaint sets forth a cognizable claim, evidentiary material may be considered to "remedy defects in the complaint" (see Dana v Shopping Time Corp.,76 AD3d 992, 908 NYS2d 114 [2d Dept 2010]).
New York State General Business Law § 349. Deceptive acts and practices unlawful provides:
(a) Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful.
(b) Whenever the attorney general shall believe from evidence satisfactory to him that any person, firm, corporation or association or agent or employee thereof has engaged in or is about to engage in any of the acts or practices stated to be unlawful he may bring an action in the name and on behalf of the people of the state of New York to enjoin such unlawful acts or practices and to obtain restitution of any moneys or property obtained directly or indirectly by any such unlawful acts or practices. In such action preliminary relief may be granted under article sixty-three of the civil practice law and rules.
(c) Before any violation of this section is sought to be enjoined, the attorney general shall be required to give the person against whom such proceeding is contemplated notice by certified mail and an opportunity to show in writing within five business days after receipt of notice why proceedings should not be instituted against him, unless the attorney general shall find, in any case in which he seeks preliminary relief, that to give such notice and opportunity is not in the public interest.
(d) In any such action it shall be a complete defense that the act or practice is, or if in interstate commerce would be, subject to and complies with the rules and regulations of, and the statutes administered by, the federal trade commission or any official department, division, commission or agency of the United States as such rules, regulations or statutes are interpreted by the federal trade commission or such department, division, commission or agency or the federal courts.
(e) Nothing in this section shall apply to any television or radio broadcasting station or to any publisher or printer of a newspaper, magazine or other form of printed advertising, who broadcasts, publishes, or prints the advertisement.
(f) In connection with any proposed proceeding under this section, the attorney general is authorized to take proof and make a determination of the relevant facts, and to issue [*3]subpoenas in accordance with the civil practice law and rules.
(g) This section shall apply to all deceptive acts or practices declared to be unlawful, whether or not subject to any other law of this state, and shall not supersede, amend or repeal any other law of this state under which the attorney general is authorized to take any action or conduct any inquiry.
(h) In addition to the right of action granted to the attorney general pursuant to this section, any person who has been injured by reason of any violation of this section may bring an action in his own name to enjoin such unlawful act or practice, an action to recover his actual damages or fifty dollars, whichever is greater, or both such actions. The court may, in its discretion, increase the award of damages to an amount not to exceed three times the actual damages up to one thousand dollars, if the court finds the defendant willfully or knowingly violated this section. The court may award reasonable attorney's fees to a prevailing plaintiff.
(j) Notwithstanding any law to the contrary, all monies recovered or obtained under this article by a state agency or state official or employee acting in their official capacity shall be subject to subdivision eleven of section four of the state finance law.
New York State General Business Law § 350 False advertising unlawful provides:
False advertising in the conduct of any business, trade or commerce or in the furnishing of any service in this state is hereby declared unlawful.
The requisite elements of the cause of action for a violation of New York State General Business Law § 349 is well established. A plaintiff must allege that: (1) the defendant's conduct was consumer-oriented; (2) the defendant's act or practice was deceptive or misleading in a material way; and (3) the plaintiff suffered an injury as a result of the deception (General Business Law § 349 [h]; Plavin v Group Health Inc., 35 NY3d 1, 10, 124 NYS3d 5 [2020]). Thus, to avoid dismissal, plaintiff must adequately plead each of these elements.
The requisite elements of the cause of action for a violation of New York State General Business Law § 350 is also well established. A plaintiff must demonstrate that the advertisement (1) had an impact on consumers at large, (2) was deceptive or misleading in a material way, and (3) resulted in injury (see Scott v Bell Atl. Corp., 282 AD2d 180, 183-184, 726 NYS2d 60 [1st Dept 2001] mod on other grounds 98 NY2d 314, 746 NYS2d 858 [2002]).
Defendant maintains that plaintiff's complaint does not properly allege a required element of both a §§ 349 and 350 cause of action. Defendant maintains that it's product packaging is not materially misleading act or advertisement, and the consumer is not injured (see Himmelstein, McConnell, Gribben, Donoghue & Joseph, LLP v Matthew Bender & Co., Inc., 37 NY3d 169, 176, 150 NYS3d 79 [2021]; Andre Strishak & Assocs., P.C. v. Hewlett Packard Co., 300 AD2d 608, 609, 752 NYS2d 400 [2d Dept 2002]).
The test for both a deceptive act or deceptive advertisement is whether the act or advertisement is "likely to mislead a reasonable consumer acting reasonably under the circumstances" (Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, 85 NY2d 206, 623 NYS2d 529 [1995]). Whether a particular act or advertisement is materially misleading is determined by the reviewing court as a matter of law, according plaintiffs the benefit of every favorable inference.
The Court concludes, as a matter of law, that the statements contained on the packaging bottle of defendant's product for the purchased by plaintiff were not likely to mislead a reasonable consumer acting reasonably under the circumstances. As a reasonable consumer [*4]would read the label disclosing the amount of the product, and there is no evidence that that amount is untrue. 
Likewise, plaintiff has not properly plead that defendant's product priced at $8.99 cost more than a similar "non-misleading" product. This is especially troubling because plaintiff's counsel, Spencer Sheehan, Esq., known in the media as the "Vanilla Vigilante", a food label class action specialist has frivolously litigated against many other companies (see Kennedy v Mondelez Global LLC, 200 WL 4006197, 19-CV-302-ENV-SJB [United States District Court, E.D. New York]). Accordingly, plaintiff has not properly pled injury. 
As to class action, CPLR 901 (b) provides: 
Prerequisites to a class action
b. Unless a statute creating or imposing a penalty, or a minimum measure of recovery specifically authorizes the recovery thereof in a class action, an action to recover a penalty, or minimum measure of recovery created or imposed by statute may not be maintained as a class action.
New York State General Business Law § § 349 and 350 create penalties. Accordingly, plaintiff cannot bring the claim here as a class action as plaintiff has not waived their right to recover statutory damages (Borden v 400 E. 55th St. Assoc., L.P.,24 NY3d 382, 998 NYS2d 729 [2014]; Cox v Microsoft Corp., 8 AD3d 39, 778 NYS2d 147 [1st Dept 2004]).
E N T E R :
Hon. Paul M. Hensley
Justice of the Supreme Court
Date: April 29, 2025
Riverhead, New York